No. 109,785

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VERONIA FOX,
*Appellant*,

v.

EDWARD FOX,
*Appellee*.

SYLLABUS BY THE COURT

1.

Whether a court has subject matter jurisdiction is a question of law over which an appellate court exercises unlimited review.

2.

When possible in construing federal statutes, state courts should seek direction from the decisions of federal courts interpreting those statutes. Absent such direction, it is within the appellate court's power to interpret federal statutes. When an appellate court can find no binding authority, it must construe the provisions according to ordinary principles of statutory construction.

3.

The phrase "consent to the jurisdiction of the court" in the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408(c)(4) (2012) refers to personal jurisdiction, not to subject matter jurisdiction. A party cannot consent to subject matter jurisdiction pursuant to the USFSPA.

1

4.

Under Kansas law, parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Equitable arguments and doctrines, no matter how compelling, are insufficient by themselves to confer subject matter jurisdiction upon a court.

5.

The subject matter jurisdiction over marital property created by K.S.A. 2013 Supp. 23-2801 does not extend to include property of parties to a divorce action filed in a foreign country when the parties never lived in Kansas and did not own property in Kansas, prior to the divorce becoming final in the foreign country.

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed March 14, 2014. Affirmed.

*Mark Edwards*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellant.

*David P. Troup*, of Weary Davis, L.C., of Junction City, for appellee.

Before MCANANY, P.J., STANDRIDGE and STEGALL, JJ.

STEGALL, J.:  Edward and Veronia Fox were married in Germany on December 22, 1979. At that time, Edward Fox was a serviceman with the United States Army stationed in Germany and Veronia Fox was a German citizen. Approximately 17 years into the marriage, Edward Fox retired from the United States Army and began employment with the United States Civil Service. During the entirety of the marriage the parties were domiciled in Germany, and when the marriage failed, Edward Fox filed for divorce in the district court of Aschaffenburg, Germany. On October 13, 2009, that court entered a final decree of divorce. At Edward Fox's request, and over Veronia Fox's

objection, the German court did not attempt to enter a judgment with respect to Edward Fox's pensions, either from the Army or under the Federal Employee Retirement System. The German court stated that the question of whether Veronia Fox was entitled to share in Edward Fox's pensions was "reserved" to the "law of obligation."

Following the divorce, sometime in 2011, Edward Fox was transferred to a Civil Service position at Ft. Riley, Kansas. On April 2, 2012, Veronia Fox filed her petition in this case in Riley County District Court, seeking "to divide property not divided at the divorce." The petition stated that due to Edward Fox's residency in Kansas after the German divorce decree, the Riley County District Court had "acquired the requisite jurisdiction" to divide the pensions. Veronia Fox asked the Riley County District Court to undertake the division and to award her "her share of said marital property." She did not cite any statutory basis for her claim, nor did she assert any other common-law causes of action.

The district court granted Edward Fox's motion to dismiss on the grounds that it lacked subject matter jurisdiction. Specifically, the court held that Edward Fox's "military and civil service pensions are his separate property" and that Kansas law cannot "operate to create marital property where there was no marriage existing at the time the owner of the property came to Kansas." As such, the court determined that dismissal was necessary as it was "without subject matter jurisdiction to award any separately owned property of Mr. Fox, including his federal pensions, to his former wife." Veronia Fox appeals from this order.

Whether a court has subject matter jurisdiction is a question of law over which our review is unlimited. *Graham v. Herring*, 297 Kan. 847, 855, 305 P.3d 585 (2013). As we have previously said, the "ability of Kansas trial courts to reach military retirement pay has been a troublesome process." *In re Marriage of Pierce*, 26 Kan. App. 2d 236, 238, 982 P.2d 995, *rev. denied*, 268 Kan. 887 (1999). In 1981, the United States Supreme

3

Court prohibited state courts from dividing military pensions in state court divorce proceedings. *McCarty v. McCarty*, 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. 2d 589 (1981). In response, Congress enacted the federal Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (2012), providing that a "court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). As such, the USFSPA created a statutory grant in federal law permitting state courts to treat military pensions in a divorce proceeding according to the laws of that jurisdiction.

Veronia Fox's first argument on appeal is that the USFSPA permits Edward Fox to consent to subject matter jurisdiction in Kansas. Her argument is premised on 10 U.S.C. § 1408(c)(4), which states:

"A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."

She argues that because Edward Fox asked the German court to separate the issue of dividing his pensions from the divorce proceedings and reserve it for another court of competent jurisdiction, he consented to the jurisdiction of a state court operating pursuant to the USFSPA.

Thus, we must determine whether 10 U.S.C. § 1408(c)(4) refers to subject matter jurisdiction, to personal jurisdiction, or to both. The interpretation of statutes involves questions of law over which we exercise unlimited review. *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013). "Where possible in construing federal statutes,

4

state courts should seek direction from the decisions of federal courts interpreting similar language." *Purvis v. Williams*, 276 Kan. 182, 188, 73 P.3d 740 (2003). Absent such direction, it is within this court's power to interpret federal statutes. *Purvis*, 276 Kan. at 187. Where, as here, we can find no binding authority, we must construe the provision ourselves according to ordinary principles of statutory construction. *Sierra Club v. Moser*, 298 Kan. 23, 53, 310 P.3d 360 (2013).

We begin with the plain meaning of the statute, giving words their ordinary meaning. We will not speculate beyond such meaning when it is unambiguous. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013). When statutory language is unclear or ambiguous, however, we may "employ canons of construction, legislative history, or other background considerations to divine the legislature's intent and construe the statute accordingly." *Stewart Title of the Midwest v. Reece & Nichols Realtors*, 294 Kan. 553, 564-65, 276 P.3d 188 (2012). Finally, we must give effect "to the entire act" thereby reconciling "the different provisions so as to make them consistent, harmonious, and sensible." *State v. Engles*, 270 Kan. 530, 533, 17 P.3d 355 (2001).

There are multiple indications from the statutory language itself that Congress intended to deal only with personal jurisdiction in 10 U.S.C. § 1408(c)(4). The section sets out three ways a court may obtain "jurisdiction over the member." This is the language of personal jurisdiction. Additionally, of the three means of obtaining jurisdiction, the first two listed—residency and domicile—are traditionally aspects of personal jurisdiction. Moreover, looking at the USFSPA as a whole, we note that the definition of a "court" in 10 U.S.C. § 1408(a)(1)(A) is a court "of competent jurisdiction." This language has been construed by federal courts to mean a court with preexisting subject matter jurisdiction. See, *e.g.*, *Steel v. U.S.*, 813 F.2d 1545, 1548 (9th Cir. 1987) (holding that the USFSPA "merely empowered a court that otherwise had jurisdiction to divide marital property" and that it "does not create jurisdiction, but grants power to

5

courts once they have jurisdiction"). Finally, a cursory review of the history of the USFSPA shows that Congress was concerned with preventing forum shopping by spouses who might seek out states with favorable marital property laws even if the service member had minimal or no contact with that forum. See *Matter of Marriage of Booker*, 833 P.2d 734, 739 (Colo. 1992).

In light of the plain language of 10 U.S.C. § 1408(c)(4), the overall structure of the USFSPA, and its legislative history, we have no difficulty concluding that the phrase "consent to the jurisdiction of the court" refers merely to personal jurisdiction, not to subject matter jurisdiction. This result is in accord with the decisions of the few other state courts that have considered this narrow question. See *e.g.*, *Wagner v. Wagner*, 564 Pa. 448, 457-58, 768 A.2d 1112 (2001) ("[The USFSPA] authorizes action by those state courts that already have subject matter jurisdiction and substantive law authority under pertinent state law. . . . [W]e conclude, therefore, that section 1408(c)(4) refers to personal jurisdiction."). It is likewise in harmony with the general rule in Kansas that parties "cannot confer subject matter jurisdiction by consent, waiver, or estoppel." *Bartlett Grain Co. v. Kansas Corporation Comm'n*, 292 Kan. 723, Syl. ¶ 3, 256 P.3d 867 (2011).

Veronia Fox takes her argument from Edward Fox's actions one step further, arguing that even if he cannot consent to subject matter jurisdiction pursuant to the USFSPA, such jurisdiction should nonetheless be conferred by principles of equity such as estoppel. As just stated, however, equitable doctrines like estoppel cannot function to give a court subject matter jurisdiction where it would not otherwise have it. In *Place v. Place*, 207 Kan. 734, Syl. ¶ 3, 486 P.2d 1354 (1971), the Kansas Supreme Court stated that even a court of equity must first have "acquired jurisdiction of a subject matter." As such, "something more than a need to do justice is required." *Frazier v. Goudschaal*, 296 Kan. 730, 744, 295 P.3d 542 (2013). Equitable arguments and doctrines, no matter how

6

compelling, are insufficient by themselves to confer subject matter jurisdiction upon a court.

Veronia Fox's final argument on appeal is that K.S.A. 2013 Supp. 23-2801 grants subject matter jurisdiction over this matter. Again, statutory construction involves questions of law over which we exercise unlimited review. *Jeanes*, 296 Kan. at 873. The statute states in relevant part: "All property owned by married persons, including the present value of any vested or unvested military retirement pay, . . . shall become marital property at the time of commencement by one spouse against the other of an action in which a final decree is entered for divorce, separate maintenance, or annulment." K.S.A. 2013 Supp. 23-2801(a). Veronia Fox reasons that this Kansas law operated to transform Edward Fox's military pensions into marital property at the time Edward Fox filed for divorce in Germany given that it was "an action in which a final decree is entered for divorce." She concedes that the divorce action was filed and decided long before either of the parties ever had any contact whatsoever with the state of Kansas. Nonetheless, she claims that this fact is irrelevant to the effect of the statute on Edward Fox's pensions.

We are mindful that "an appellate court's interpretation of a statute should avoid absurd or unreasonable results." *Dillon Real Estate Co. v. City of Topeka*, 284 Kan. 662, Syl. ¶ 8, 163 P.3d 298 (2007). We have previously held that K.S.A. 2013 Supp. 23-2801 vests subject matter jurisdiction over a divorce action "between two residents of Kansas and the division of property located in Kansas." *In re Marriage of Allen*, 31 Kan. App. 2d 31, 32, 59 P.3d 1030 (2002) (construing K.S.A. 23-201 which was later recodified at K.S.A. 2011 Supp. 23-2801). We decline to extend the meaning of "an action" in K.S.A. 2013 Supp. 23-2801 to include a divorce filed in a foreign country between two parties who never lived in Kansas and who owned no property in Kansas. To do so would be to reach an absurd result not intended by the legislature.

Had the legislature intended to grant courts of this state subject matter jurisdiction over the kind of claim brought by Veronia Fox in this case, it certainly could have done so. See, *e.g.*, 23 Pa. Cons. Stat. Ann. § 3104(d) (2014) (granting Pennsylvania courts subject matter jurisdiction to decide matters of property division even after a marriage has been dissolved in a foreign forum). We have no such power in Kansas. The district court's dismissal of this action for lack of subject matter jurisdiction was proper.

Affirmed.