NOT DESIGNATED FOR PUBLICATION

No. 115,265

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
DANNY BRIZENDINE,
*Appellant*,

and

JENNIFER RANDALL,
*Appellee*.


MEMORANDUM OPINION


Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 3, 2017. Affirmed.


*Myndee M. Lee*, of Lee Law, LLC, of Overland Park, for appellant.


*James S. Oswalt*, of Hutchinson, for appellee.


Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*: Danny Brizendine appeals from a judgment and order of the district court dismissing his petition for divorce from Jennifer Randall based on lack of jurisdiction. Brizendine argues on appeal that the district court erred in determining that he had not been an actual resident of Kansas for at least 60 days prior to the filing of his petition.

We find no reversible error and affirm the judgment and order.

1

*Factual and Procedural Background*

Brizendine and Randall lived together in California from 2001 to 2006. They then moved to Hutchinson, Kansas, in 2006 where they resided until late summer or early fall of 2010. During this time period, they were married in Los Angeles, California, on July 18, 2009.

In late July 2010, the family—including Brizendine's daughter Rebecca, then age 16, and Randall's two children, Calico, then age 15, and Cody, then age 13—moved from Hutchinson to San Luis Obispo, California, where the children were enrolled and attended school.

While living in California, Randall and Brizendine continued to own rental property and to monitor business interests in Hutchinson, including a seven unit commercial building owned by a Kansas Limited Liability Company (LLC) of which Randall was the managing member and for which Brizendine had been designated as resident agent.

The parties had marital difficulties and finally separated in November 2014. Brizendine filed for divorce in Hutchinson on September 14, 2015. His petition indicates that it was prepared to be executed in San Luis Obispo County, State of California, but appears to have been signed and notarized in Clark County, Nevada. It is this petition which is the subject of this appeal.

Randall filed for divorce in California on September 18, 2015, and Brizendine was served with that proceeding on September 25, 2015. Randall was not served with the Kansas divorce proceeding until November 4, 2015.

In December 2015, Randall filed a motion to dismiss the Kansas case, primarily contending that Brizendine had ceased to be a Kansas resident when they moved to California in 2010 and that he had not been an actual resident of Kansas for at least 60 days before filing his petition. Accordingly, Randall claimed that the district court in Kansas had no jurisdiction to even consider Brizendine's petition.

The district court scheduled an evidentiary hearing on Randall's motion to dismiss on January 14, 2016. Sometime before the scheduled hearing, Randall requested the hearing be delayed. Brizendine requested the matter be timely decided and that the court issue a ruling on the motion before January 27, 2016, which was the date of a pending hearing on a motion apparently filed by Brizendine to dismiss Randall's California petition.

On January 13, 2016, the district court issued an order requesting that the parties notify the court by January 15, 2016, if either party wanted to present oral testimony, otherwise the parties could submit additional documents and affidavits in support of their positions. The court pledged that if the motion was timely heard or if the affidavits and documents were timely submitted, the court would issue its decision on January 26, 2016, prior to the scheduled January 27 hearing in California.

Neither party requested oral argument, and they both agreed to submit the motion to the court for determination based upon written submission to be filed with the court no later than 5 p.m. on January 25, 2016.

Brizendine filed a memorandum opposing Randall's motion to dismiss together with his affidavit and three supporting affidavits on January 21, 2016. Randall filed her memorandum in support of her motion, her detailed affidavit, numerous documents referred to therein, and four supporting affidavits at 3:45 p.m. on January 25, 2016.

3

On January 26, 2016, the district court issued a written order granting Randall's motion and dismissing Brizendine's petition. The court found that the parties were residents of Kansas when they married in 2009 but that they became California residents when they moved to California. The court specifically found that Brizendine became a resident of California in 2011.

The court also considered the question of whether Brizendine had ever reestablished actual residence in Kansas. After discussing the affidavits and materials submitted, the district court concluded that Brizendine remained a resident of California as of the date of the order and was not a resident of the state of Kansas for the required period prior to filing his petition for divorce.

Brizendine filed a motion asking the district court to alter or amend the judgment, contending that he had been unfairly surprised by Randall's last minute submission of documents in support of her motion and had been denied a reasonable opportunity to respond and be heard on the merits. The district court denied the motion, noting that the parties had agreed that the court would determine the case based on written submissions, affidavits, and additional documents and that they both had chosen to forego an evidentiary hearing or oral arguments.

Brizendine timely appealed to this court.

*The District Court Lacked Jurisdiction to Hear Brizendine's Petition for Divorce.*

On appeal, Brizendine argues that the district court erred in concluding that it lacked jurisdiction because the court applied the wrong standard in considering the affidavits and documents submitted by the parties. Not surprisingly, Randall takes the opposite position, contending that the district court applied an appropriate standard of evaluation and did not err in granting her motion and dismissing Brizendine's case for

4

lack of personal and subject matter jurisdiction. In framing his arguments, Brizendine would seem to be raising an issue of abuse of discretion based on the district court's alleged misapplication of the relevant evidentiary standards.

However, the general rule is that the existence of jurisdiction is a question of law which we review de novo, or independently, with no required deference to the district court. See *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 916, 296 P.3d 1106 (2013); *In re Marriage of Williams,* 52 Kan. App. 2d 440, 444, 367 P.3d 1267 (2016), *rev. granted* February 15, 2017. Accordingly, we review a district court decision on a motion to dismiss independently, again with no required deference to the district court's determination. *Aeroflex Wichita, Inc. v. Filardo,* 294 Kan. 258, 270, 275 P.3d 869 (2012); *Fox v. Fox,* 50 Kan. App. 2d 62, 63-64, 322 P.3d 400 (2014). Even in applying our standard of independent review, we must consider and determine the appropriate quantum of proof applicable to consideration of the parties' evidence under the circumstances.

*Applicable Statutes*

To begin with, jurisdiction over a domestic relations case in Kansas is subject to several statutes relevant to the allegations raised by the parties herein.

K.S.A. 2016 Supp. 60-308 (b)(1)(H) (the "Long Arm Statute") provides for personal jurisdiction over an out-of-state person if that person had lived in a marital relationship in Kansas before moving out of state and if the other party to the marital relationship continues to reside in Kansas. Here, the parties do not contest the fact that they lived in a marital relationship in Kansas, and there appears to be no serious question that Randall departed the state and is now an established resident of California. Thus, personal jurisdiction would require that Brizendine had not departed the state of Kansas, had not become a resident of California, and had at all times maintained actual residence

5

in Kansas. The district court found against Brizendine on this point, finding that Brizendine had established residence in California.

However, even in the absence of personal jurisdiction over Randall, if Brizendine had reestablished actual residence in Kansas for at least 60 days prior to filing his petition, K.S.A. 2016 Supp. 23-2703(a) would allow the district court to assume subject matter jurisdiction limited to granting the divorce and dividing any property within the state. The district court also rejected Brizendine's claim on this point, finding he had not reestablished the requisite actual residency in Kansas.

*Procedural Considerations*

A district court exercises considerable discretion in determining how to proceed on a motion to dismiss for lack of jurisdiction. The evidentiary standards applicable vary depending on which procedure the district court follows.

Generally, if a district court determines the motion to dismiss on the basis of the pleadings and affidavits without holding an evidentiary hearing, the party asserting jurisdiction must make a prima facie showing of jurisdiction with any factual disputes resolved in favor of that party. *Aeroflex,* 294 Kan. 258, Syl. ¶ 2. A prima facie showing requires "evidence sufficient to sustain a verdict in favor of the issue it supports, even though it may be contradicted by other evidence." *Becker v. Knoll,* 291 Kan. 204, 206, 239 P.3d 830 (2010). The proponent of jurisdiction must ultimately establish at trial by a preponderance of the evidence that jurisdiction exists. *In re Marriage of Johnston,* No. 103,498, 2011 WL 5027086, at *1 (Kan. App. 2011) (unpublished opinion).

However, if the district court holds a pretrial evidentiary hearing, then the court has the power to weigh and evaluate the evidence and make credibility determinations in

the same manner as if it were adjudicating the case on the merits. *Aeroflex,* 294 Kan. at 267-69.

In the case at bar, the district court granted Randall's motion to dismiss after considering the pleadings, affidavits, documents, and legal memoranda submitted by the respective parties. Brizendine argues that in light of the procedure followed, he had only to make a prima facie showing of jurisdiction and that the district court erred by weighing the evidence. In fact, he asserts in his brief that "this is not a close question" based on the simple conclusory averment in his affidavit that "I reside and work in Kansas and have done so for the past ten years." In support for his position, he cites to *Aeroflex,* 294 Kan. at 258, 268. Indeed, the district court's order of dismissal reflects that the court had weighed the evidence, found the evidence submitted by Randall to be more persuasive than that submitted by Brizendine, and determined that Brizendine had not established the requisite residence to vest the court with jurisdiction.

We do not find *Aeroflex* to be determinative under the circumstances of the case now before us. First of all, in *Aeroflex*, the court was faced only with the classic "long arm" argument—that the defendant did not fall within the reach of K.S.A. 2011 Supp. 60-308. The court in *Aeroflex* was not faced with the dual question as to whether the court also had jurisdiction over the plaintiff, a Kansas corporation. Thus, *Aeroflex* is clearly distinguishable from the instant case where the Respondent, Randall, not only denies personal jurisdiction over her under the long arm statute, but also contests jurisdiction over the Petitioner, Brizendine. *Aeroflex* is also distinguishable in that it was not dealing with the ramifications of competing lawsuits. Here, the questions of jurisdiction were raised and contested both in Brizendine's Kansas action and in Randall's California case.

The court in *Aeroflex* also left open the possibility that, under appropriate circumstances, an evidentiary hearing does not always require that evidence be taken

7

orally in open court. 294 Kan. at 271-72. We will consider whether such circumstances have been established in this case.

*De Novo Review*

In ruling on the motion to dismiss, the district court mentioned that the affidavits submitted by Brizendine "indicated" he has been residing in Hutchinson. Brizendine would construe this statement as establishing a prima facie finding of jurisdiction. While we disagree with such characterization, the evidence is still subject to our de novo review without deference to any statements or conclusions reached by the district court.

Reviewing the evidence from a prima facie viewpoint, we would suggest that the bare-bones, undocumented, and self-serving averments of Brizendine's affidavit and those of his other affiants are insufficient to establish a prima facie showing of "actual residency" in Kansas in the face of Randall's challenge. Neither his petition, which was not even executed in the state of Kansas, nor his affidavits suggest an actual residential address. We would be inclined to the view that while the evidence may suggest an itinerant and recurring business presence in Kansas, it does not establish a prima facie continuous or reestablished actual residence in this state. The averments of the petition and affidavits simply beg the question presented in the motion to dismiss.

We need not reach a conclusion on the issue of prima facie showing here because our review of the record would establish that the district court did proceed with an evidentiary hearing in the statutory sense and properly weighed and credited all of the arguments and evidence submitted by both sides. Our review is therefore based on the same preponderance standard applied by the district court. We reach this conclusion for several reasons. An evidentiary hearing requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments. See *Grayson v. Anderson,* 816 F.3d 262, 268 (4th Cir. 2016) (discussed

8

Federal Rule of Civil Procedure 43). K.S.A. 2016 Supp. 60-243(d), our statutory equivalent to the federal rule, specifically provides: "When a motion relies on facts outside the record, the court may hear the matter on affidavits . . . ." We find no requirement that a district court specifically invoke or cite the statute when determining a case in accordance with this procedure.

Here, the district court, upon receiving Randall's motion to dismiss, scheduled an evidentiary hearing. Randall requested that the hearing be postponed, but Brizendine requested that the court hear the matter prior to a scheduled hearing on a motion to dismiss which he had filed in Randall's California action. Rather than simply rule on the requested postponement, the district court left open the possibility of an oral hearing, giving the parties an option to either request such hearing by a certain date or to submit affidavits and documents on or before a specified date. The court affirmed its intention to determine the issue in timely fashion, noting the pending litigation in California.

It cannot have come as a surprise to Brizendine that the court intended to rule on the merits of the motion. First of all, if it had been the intention to require only a prima facie showing, there would have been no real reason to have the parties both prepare and serve affidavits, documents, and legal memoranda on the court and each other—the matter would have been resolved solely by reference to Brizendine's simple affidavit without further consideration of Randall's submissions. Brizendine would essentially have us relegate the court's announced procedure—to which both parties assented—to the dustbin as an empty gesture. Brizendine tacitly acknowledges that more than his pleadings and his affidavit would be expected and required by the court—he also filed three additional affidavits and a legal memorandum opposing Randall's motion.

By the procedure invoked by the district court, each party was given the same fair opportunity to present their side of the jurisdictional issue to the court by the agreed upon

deadline. Each party clearly and unequivocally waived actual physical presence for their mutual convenience in order to expedite determination by the court.

Brizendine complains that he was taken by surprise by Randall's submission of "documents" in addition to her affidavit. But the documents were specifically referred to in her detailed affidavit and were not extraneous to the issue. Brizendine was aware of the nature of Randall's allegations from her motion and had every opportunity to have submitted documents to flesh out his conclusory affidavits but apparently chose not to do so.

We further note that a finding that Brizendine established a prima facie case for jurisdiction would have only postponed the ultimate determination of the issue, which he would still have to establish by a preponderance of the evidence at trial. See *In re Marriage of Johnston,* 2011 WL 5027086, at *1. This would again fly in the face of Brizendine's express request for a timely and determinative ruling prior to the hearing in the California case.

We find that the court and the parties clearly intended that each side would submit to the court the evidence which it would have adduced at the scheduled oral evidentiary hearing which they mutually waived. Thus, we conclude that, under the circumstances here, the district court conducted the statutory and procedural equivalent of an evidentiary hearing and properly invoked and applied a preponderance standard in weighing and crediting the evidence thus submitted. For Brizendine to now come forward and argue that the district court somehow erred by adopting the particular procedure to which he had explicitly agreed would potentially run afoul of the rule of invited error. See *Thoroughbred Assocs. v. Kansas City Royalty Co.,* 297 Kan. 1193, 1203, 308 P.3d 1238 (2013).

While our review of the record owes no deference to the district court's ruling, we apply the same burden of proof. However, we need not enter here into an exhaustive analysis of all the evidence presented. The pleadings, affidavits, and documents in the record lead us to the firm conclusion that Randall, by a preponderance of the credible evidence, has established that Brizendine moved to California with her; became a California resident; and, further, he had not subsequently reestablished actual residence in Kansas for the requisite time period prior to filing his petition for divorce. The district court, therefore, had neither personal nor subject matter jurisdiction to hear Brizendine's case and properly granted Randall's motion to dismiss.

Affirmed.